

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00263-CR

**JONATHAN PAUL GARCIA,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 443rd District Court
Ellis County, Texas
Trial Court No. 47758CR**

## MEMORANDUM OPINION

Jonathan Paul Garcia appeals from his conviction for continuous sexual abuse of a young child. After finding him guilty, the jury assessed his punishment at forty-three years of confinement in the Institutional Division of the Texas Department of Criminal Justice. In two issues, Appellant contends the trial court denied his right to counsel when it limited his closing argument and the trial court erred when it limited his cross-examination of a State's witness. We affirm.

## BACKGROUND

J.M., who was born in 2008 and was fourteen years old at the time of trial, testified that Appellant is her mother's ex-boyfriend. Appellant and her mother began dating when J.M. was six or seven, and Appellant moved in with J.M. and her mother in October 2015. J.M described the steady progression of sexual abuse committed by Appellant over several years. Appellant moved out of their home in June 2021. In July 2021, J.M. told her grandmother about the abuse. An investigation ensued, leading to Appellant's trial at which the jury found him guilty of continuous sexual abuse of a young child.

## CLOSING ARGUMENT

In his first issue, Appellant contends the trial court denied his right to counsel when it limited his counsel's closing argument. He asserts that counsel was attempting to explain to the jury about the importance of judging the State's evidence by the appropriate burden.

During closing argument to the jury, defense counsel stated:

> Back during voir dire, all we could talk about was, in general, what the law says, right? But now you can see how it actually works, how the constitution here in the courtroom actually means something, how it breathes, how it lives, how it actually operates. . . . But when you walk through these doors and you come into the courtroom, proof beyond a reasonable doubt actually matters.
> It actually means something because why? As you sit here today, why does it matter to Jonathan Garcia that the State must prove their case beyond a reasonable doubt? It's extremely important. The stakes could not be higher for him. Y'all know we're not going to shy away from it. If you find

> him guilty of continuous sexual assault of a child – I mean, young child, we all know what's next.

At this point the State objected on the basis that the argument was outside the guilt/innocence phase. The trial court sustained the objection.

Improper denial of jury argument can constitute a denial of the right to counsel where the argument is one the defendant is entitled to make. *Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010). Proper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). It is improper to refer to punishment at the guilt/innocence phase. *Garcia v. State*, 887 S.W.2d 862, 877 (Tex. Crim. App. 1994). The reference to "what's next" after a finding of guilty can be nothing other than a reference to sentencing at the punishment phase. The trial court properly sustained the State's objection. We overrule Appellant's first issue.

### LIMITATION OF TESTIMONY

In his second issue, Appellant contends the trial court abused its discretion when it limited his cross-examination of State's witness Rachel Young who testified in the punishment phase. On direct, the jury was allowed to hear the effect J.M.'s disclosures had on Young. Appellant asserts that he was prevented from exploring Young's feelings about how J.M.'s case impacted Young and the basis of her opinions.

Young was a trauma therapist at Children's Advocacy Center of Johnson County. She saw J.M. from July 2021 through June 2022. Young testified that the case was the most intense, and one of the most traumatic, cases for her personally, and it was heartbreaking. She described it as "different" and probably the worst case she had.

At that point, the State passed the witness and, before beginning cross-examination, defense counsel argued as follows:

> Judge, based upon her answers about the – the impact it had on her, the heartbreak, how difficult it was to deal with, plus the information from the guilt/innocence phase about what [J.M.] told her about the mother walking in, I think that the door has been opened to allow me to explore some of that, if that was what was so difficult for her to hear and how to deal with that information that made it so much different than other cases. I think that I've got to be able to explore some of that with her and see if that was what – what it was that made it so much different to her from other cases.

The trial court sustained the State's relevancy objection.

We review the trial court's decision to admit or exclude contested testimony under an abuse of discretion standard. *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). We will uphold the trial court's decision if it is within the zone of reasonable disagreement. *Id*. In all criminal prosecutions, the defendant has the right to be confronted with the witnesses against him. U.S. CONST. amend. VI. The right to cross-examine a witness allows a party to attack the general credibility of that witness or to show their possible bias, self-interest, or motives in testifying. *Johnson v. State*, 490 S.W.3d 895, 909 (Tex. Crim. App. 2016). A trial judge may limit the scope and extent of cross-

examination, so long as those limits do not operate to infringe upon the constitution's guarantee of an opportunity for effective cross-examination. *Id*.

Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX. R. EVID. 401. Evidence is relevant to assessing punishment if it helps the factfinder decide what sentence is appropriate for a particular defendant given the facts of the case. *Hayden v. State*, 296 S.W.3d 549, 552 (Tex. Crim. App. 2009). Evidence that is otherwise inadmissible may become admissible when a party opens the door to such evidence. *Id*. at 554. A party opens the door by leaving a false impression with the jury that invites the other side to respond. *Id*.

Appellant wanted to ask Young about her feelings and how J.M.'s case affected her. He apparently wanted to know the impact of J.M.'s statement that her mother saw J.M. and Appellant together on a bed partially clothed. Appellant does not explain how a deeper explanation of Young's feelings could help the jury decide what sentence is appropriate. Neither does Appellant identify any false impression Young's testimony created when the State questioned her on direct. The evidence was not relevant to assessing punishment, and the State did not open the door to the requested testimony. *See Hayden*, 296 S.W.3d at 552, 554. There is no showing that the limitation here infringed on the constitution's guarantee of an opportunity for effective cross-examination. *See Johnson*, 490 S.W.3d at 909. The trial court's limitation of Appellant's cross-examination

of Young was not an abuse of discretion.  *See Walters*, 247 S.W.3d at 217.  We overrule Appellant's second issue.

## CONCLUSION

Having overruled Appellant's issues, we affirm the trial court's judgment.

STEVE SMITH
Justice

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed
Opinion delivered and filed January 30, 2025
Do not publish
[CRPM]

